762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIE DAN HARRIS, PLAINTIFF-APPELLEE,
v.
CASS COUNTY ROAD COMMISSION AND JAMES AWRNER, RICHARD SINGER
AND JOHN PIONKE, DEFENDANTS-APPELLANTS.
 NO. 84-1337
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and BERTELSMAN, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal followed an entry of judgment in favor of the plaintiff, Willie Dan Harris (Harris), against the Cass County Michigan Road Commission and officers thereof in this Title VII action involving racial discrimination. Judgment was entered after a trial to the court. The primary appellate issue is whether Harris rebutted the defendant's articulated neutral rationale for his discharge.
 
 
 2
 In 1978, Harris obtained a position financed under the federally funded Comprehensive Employment Training Act (C.E.T.A.) program with the defendant Road Commission.
 
 
 3
 In October 1981, Harris was assigned to the snow plow crew as a grader with responsibility for a residential area. In late October or early November, before any snowfall Steve Northrup (Northrup), Harris's foreman, identified Harris's route while accompanying him on a tour of his assigned area of responsibility. On December 9, the second time Harris had occasion to plow his route, Northrup assigned John Snyder (Snyder) to ride with Harris and verify the route Harris was to service.
 
 
 4
 On December 10, 1981, Harris, while plowing what he believed to be his route, struck a tree root and broke his plow. He contacted Northrup who joined him at the scene. Northrup advised Harris that he had been plowing a private drive and denied that he ever directed him to plow the private roadway. Harris charged that Snyder had instructed him to plow the private area on the previous day. Upon returning to the garage, Northrup questioned Snyder, who denied having instructed Harris to plow the private roadway. Northrup advised Jim Warner (Warner), his superior, of the controversy and Warner concluded from all the facts that Harris was lying. He thereupon discharged him for dishonesty.
 
 
 5
 At the conclusion of the evidence, the trial judge decided that Warner sincerely believed that Harris lied when he stated that on De ember 9 Snyder instructed him to plow the private roadway. The court also found that no employee had been charged or punished for dishonesty during the five-year period before Harris's discharge. The record disclosed no evidence of any instances of alleged dishonesty by any employee, either white or black, during this time frame that could have been the basis for a charge of dishonesty. Nevertheless, the court concluded from factually unsupported inferences that a racial animus prompted Harris's discharge for dishonesty.
 
 
 6
 Judgment was ultimately entered in Harris's favor. The award included back pay and reinstatement. This appeal followed.
 
 
 7
 The existence of discrimination is a factual evaluation and therefore the district court's decision must be evaluated pursuant to the clear error standard. The issue to be addressed on this appellate review is whether the trial court's finding, that racial motivations were the basis for the decision to charge Harris with dishonesty and to terminate him therefor, was clearly erroneous. At the outset it must be observed that the record disclosed no direct evidence of recial animus. However, this court recognize that there is absolutely no requirement that a Title VII plaintiff offers such direct proof:
 
 
 8
 As in any lawsuit, the plaintiff may prove his case by direct or circumstantial evidence. The trier of fact should consider all the evidence, giving it whatever weight and credence it deserves. Thus, we agree with the Court of Appeals that the District Court should not have required Aikens to submit direct evidence of discriminatory intent. See International Brotherhood of Teamsters v. United States, 431 U.S. 324, 358 n.44, 97 S.Ct. 1843, 1866 n.44, 52 L.Ed.2d 396 (1977)('[T]he McDonnell Dougles formula does not require direct proof of discrimination').
 
 
 9
 U.S.P.S. v. Aikens, ---- U.S. ----, 103 S.Ct. 1478, 1481 n. 5 (1983). It is clear that the trial judge is free to develop inferences of racial motivation from factual evidence presented at the trial. Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 377-78, n.4 (6th Cir. 1984). The trial court's considered findings of fact must be affirmed unless 'the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed'. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948). Thus conceived, the issue on this appeal is whether there was any factual evidence which logically supported the trial court's inference of discriminatory intent. Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 378 (6th Cir. 1984); Detroit Police Offiers Ass'n v. Young, 608 F.2d 671 (6th Cir.), cert. denied, 452 U.S. 938 (1979).
 
 
 10
 Appellant argued that the district court's conclusion of discrimination was ill-conceived and unsupported by fact because (1) the proofs failed to provide evidence of disparate treatment of similarly situated employees, (2) that Warner truly believed Harris to have been dishonest, for which the penalty was discharge, and (3) the court improperly took judicial notice of certain aspects of employee-employer relations. The appellant's assessment of the trial court's use of the personnel records was correct. However, no evidence of prior personnel actions resulting from dishonesty was reflected in those records because the record was devoid of any alleged instances upon which such charges could have attached; nevertheless the court relied upon a factually unsupported inference that past instances of dishonesty by white employees had been treated under less serious charges. As support for this inference the trial court drew on two sources, both of which provide no basis for his conclusions. The first was the discipline of white employee Harry Beach who was charged with being late for work 'without proper excuse'. With no further information, the trial court conjectured: 'I equate that to mean that Mr. Beach offered an excuse, but that it was untruthful', a factually unsupported conclusion.
 
 
 11
 The court also, noting the many entries in the personal records relating to absences and sicknesses, stated: 'I infer by my experience as a lawyer and human being that employees of the Cass County Road Commission in the past five years have lied to their employer about the reasons for their absence and/or sickness, and the employer has known that.' There is no factual support within the record for this inference and the appellant's argument is again well-taken.
 
 
 12
 Because the trial court's conclusions were predicated upon sheer speculation without any factual foundation, and on 'personal' experiences neither a part of nor relevant to the proofs, the district court's articulation of the motivational force behind appellant's conduct was, as a matter of law, clearly erroneous and contrary to elementary evidentiary principles. See Jackson v. RKO Bottlers, supra; United States v. United States Gypsum, supra. There was absolutely no factual support for the trial court's pronouncement that the defendants' motivations were racially-based, since they reacted to their sincere belief that Harris had been dishonest about a material element of his employment and they imposed the only penalty which their regulations provided.
 
 
 13
 Accordingly, the district court's entry of judgment in favor of the appellee is reversed and the cause is remanded for entry of judgment in favor of the appellants. The parties shall bear their own costs and attorney fees.
 
 
 14
 BERTELSMAN, District Judge.
 
 
 15
 I respectfully dissent. I believe that the harshness of the penalty against the plaintiff, the haste with which it was imposed, and the trial court's particularized findings concerning the demeanor of the witnesses provided sufficient basis for upholding the trial court's ultimate findings against a clearly erroneous challenge.
 
 
 
 *
 Hon. William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation